OPINION of the Court, by
Judge Owsley.
Bar-hour has brought this writ of error for the purpose of ■•oversing a judgment rendered against him in an action of e jectment which be had commenced against Breckenridge in the court below.
Breckenridge appears to have held the land under a sale and conveyance made by the sheriff of Jefferson, in virtue of a writ offieri facias which had previously issued from the clerk’s office of the general court, in favor of CuthbertUarrison, against the estate of Barbour ; hut in the progress of the trial it was shown, by the production of a transcript of the record of the general court, that by the judgment of that court the execution, sale and subsequent proceedings were quashed ; whereupon, at the instance of Breckenridge, the court instructed the *549 jury that the decision of the general court annullingthe execution, sale, &c. did not divest him of the right acquired under the sheriff’s sale and conveyance.
Whether, therefore, these instructions were correctly given, is the main inquiry now presented for the consideration of this court.
In making this inquiry, it may be proper to remark, that as the decision of the general court quashing the execution, &c. related to a sub ject strictly within its jurisdiction, and as it still remains in full force and unre-versed, that decision, as to the facts then in contest, must be conclusive between the parties ; and although Breckenridge failed to appear and enter himself a defendant to the proceedings in the general court, yet as he appears to have been notified that an application would he made to th||court to quash the execution and sale, &c. he must, to every purpose, be as much bound by the decision as though he had actually appeared and contested the judgment.
If then Breckenridge is bound by that decree, it incontrovertibly proves the sale was made to him by the sheriff under a fieri facias which issued upon a decree for the payment of money contracted for prior to December 1792 ; and hence, in reviewing the instructions given by the court below, the question necessarily occurs, can Breckenridge have gained a title to the land in virtue of the deed made by the sheriff in consequence of Such a sale ?
At common law lands were not liable to be sold for the payment of debts, and if under a writ of fieri facias the sheriff should have sold lands, as the law then stood, it is perfectly clear the title could not pass to the purchaser. But statutes have been enacted in this country subjecting lands to sale for the payment of debts, and no doubt in cases coming within the provisions of those statutes, the title may now by the sale and conveyance of the sheriff be transferred to a purchaser. Those statutes have been held, and we have no doubt correctly, to authorise the sale of lands under decrees as well as judgments ; but according to their plain and obvious import, it is perfectly clear that no sale can regularly be made to satisfy either a judgment or decree, if obtained upon demands originating prior to the 17th December 1792.
The decree against Barbour, therefore, as it was founded on a demand originating before 1792, cannot *550 have regularly authorised the sale of his lands. But it is contended that although the proceedings may have been irregular, yet it is urged the writ of fieri facias gave an authority to the sheriff to sell ; and hence it is inferred^ that Breckenridge, an innocent purchaser under that authority, must be supposed invested with the title.
Were lands by the statute subjected to sale under writs of fieri facias to satisfy all judgments or decrees, upon whatever account obtained, as it would in that case form a general fund, out of which debts might be satisfied, there would be no doubt but, in analogy to the doctrine of the common law in relation to the sale of chattels, that a purchaser, if free from, fraud, however irregular the proceedings might be, would gain a title. But as to satisfy judgments upon-demands originating before 1792, lands are not permitted by the statute to be sold, in such cases the execution cannot form any authority to the sheriff to take the land ;■ and consequently a sale, if made, cannot divest the owner of his title.
We are aware it has heretofore been held by this court, that the circumstance of a fieri facias having irregularly issued, could not affect the title of a purchaser gained under a sale of the sheriff; but in that case the land was clearly subject to the payment of the judgment upon which the execution issued, and as the execution and judgment clearly gave a sufficient authority to the sheriff to sell the land, it was correctly held that although there might have been an irregularity in the issuing tha execution, that circumstance ought not to affect the title of the purchaser.
Because, therefore, the debt for which Barbour’s land was sold originated before 1792, we are of opinion the sale and conveyance of the sheriff conferred no title upon Breckenridge, and that the court below erred in their instructions to the jury.
The judgment must consequently be reversed with costs, the dause remanded and a new trial had not in-, consistent with this opinion.